NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS REYNALDO MARTINEZ
LEON,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1254

Agency Nos.
A206-711-720

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025**
Pasadena, California

Before: GRABER, TALLMAN, and BUMATAY, Circuit Judges.

Carlos Reynaldo Martinez Leon, a native and citizen of El Salvador, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") affirming the

denial of his applications for asylum, withholding of removal, and protection under

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review legal conclusions *de novo* and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and we deny the petition.

1.     Petitioner asserts that he is eligible for asylum and withholding of removal because he faces persecution in El Salvador on account of his membership in a proposed particular social group of "persons believed to be witnesses in gang crime investigations." *See* 8 U.S.C. § 1101(a)(42)(A) (defining "refugee"). Substantial evidence supports the agency's determination that this proposed social group is not legally cognizable because it lacks immutability, particularity, and social distinction. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining the requirements for a particular social group). Because Petitioner's brief does not contest the agency's adverse immutability and particularity findings, he has waived or forfeited any opposition to the agency's dispositive determination. *See* Fed. R. App. P. 28(a)(8)(A); *see also Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (issues not "specifically and distinctly argued and raised" are waived (citation omitted)). We therefore need not reach Petitioner's arguments regarding social distinction. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2.     To succeed on his CAT claim, Petitioner must demonstrate that he is at risk of torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1). Substantial evidence supports the agency's determination that Petitioner did not establish that it is more likely than not that he would be tortured in El Salvador by, or with the consent or acquiescence of, a public official. Petitioner asserts that he is likely to be tortured in El Salvador because "evidence of state corruption prevalent in the country . . . [shows] the government would effectively acquiesce in [torture]." But "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Because the record contains no evidence compelling a contrary conclusion, substantial evidence supports the agency's denial of CAT protection. *See Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir. 2009) (stating standards for the denial of CAT relief), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093–94 (9th Cir. 2013) (en banc).

**PETITION DENIED.**

24-1254